Filed 3/17/25  Stow v. B-East CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| CHERYL STOW et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>B-EAST, LLC,<br><br>    Defendant and Appellant. | D083518<br><br><br>(Super. Ct. No. 37-2023-00005794-CU-NP-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Giovanniello Law Group, Alexander F. Giovanniello and Daniel J. Kim, for Defendant and Appellant.

Niddrie Addams Fuller Singh and John S. Addams; Pick Law, Lukas I. Pick, Casey M. Moore; Elder Law & Advocacy and Andrew A. Thompson, for Plaintiffs and Respondents.

B-East, LLC—which owns and operates Amaya Springs Healthcare Center, a nursing facility—appeals an order denying its petition to compel arbitration of claims brought by decedent Charles Stow, Jr.'s successors in interest Respondents Cheryl Stow, Richard Stow, and David Stow relating to

B-East's care of decedent. B-East claims on appeal the trial court erred in ruling (1) decedent did not sign an arbitration agreement, because that decision was not supported by substantial evidence; and (2) the arbitration agreement did not bind Respondents as non-signatories. We find this matter appropriately resolved by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847) and affirm.

I.

As a preliminary matter, rule 8.204(a)(1)(C) of the California Rules of Court states an appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." B-East's near failure to cite the record is grounds to decline to consider its noncompliant contentions (*Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 868), but in our discretion we overlook this shortcoming and decide this appeal on the merits.

On May 8, 2022, decedent was admitted to B-East, a nursing facility in Spring Valley, California, for rehabilitation following ankle surgery. On June 7, decedent was discharged from B-East for hospital care. On June 18, B-East readmitted decedent.

Decedent required assistance with basic daily living activities because of the surgery and diabetes. In October, decedent was found unresponsive and was transferred to a hospital for emergency care. Decedent was dehydrated, malnourished, and septic, and he had pressure ulcers. Decedent never recovered, and he passed away.

Respondents filed a lawsuit on decedent's behalf alleging statutory elder abuse (Welf. & Inst. Code, § 15600 et seq.), negligence, and violation of the Patient's Bill of Rights (Health & Saf. Code, § 1430). Respondents also brought individual wrongful death claims.

B-East petitioned to compel arbitration based on an arbitration agreement it claimed decedent electronically signed in-person at its facility on June 15. Respondents disputed decedent signing the agreement because (1) decedent was not in the B-East facility on that date; (2) a declaration by Kathryn Rivera, the B-East employee responsible for obtaining signatures, claimed B-East did not travel outside the B-East facility to obtain signatures and only e-mailed forms to people located outside of the United States; and (3) Rivera could not explain how decedent signed the agreement while in hospital care outside the facility. Respondents further argued the arbitration agreement did not apply to the wrongful death claims brought in their individual capacity because they did not sign the arbitration agreement.

In October 2023, the trial court denied B-East's petition, ruling B-East failed to meet its burden to show decedent signed the arbitration agreement. The court further ruled Respondents could not be compelled to arbitration because they did not sign the agreement.

## II.

B-East claims the trial court erred in denying its petition to compel arbitration because it proved a valid arbitration agreement. We disagree.

No uniform standard of review governs the evaluation of an order denying a motion to compel arbitration. (*Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630.) If a trial court's order rests on a matter of law, our review is de novo. (*Ibid.*) If the order is based on a decision of fact, we review for substantial evidence. (*Ibid.*) When, as here, the court's order is based on the court finding the petitioner failed to carry its burden of proof, the question for the reviewing court is whether that finding is erroneous as a matter of law. (*Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978-979.) The question then becomes whether the

3

appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." (*Id*. at p. 979 [cleaned up].)

When a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the trial court must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable. (*Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047, 1057.) Since the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence. (*Ibid*.) If the party opposing the petition raises a defense to its enforcement, then that party must prove by a preponderance of the evidence any fact necessary to the defense. (*Ibid*.) If the opposing party does so, the burden shifts back to the petitioner to establish the authenticity of the agreement. (*Id*. at p. 1059.) The trial court sits as the trier of fact in weighing the evidence to reach its final determination. (*Id*. at pp. 1057-1058.) An appellate court may not reweigh the evidence. (*Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1124.)

An electronic signature is attributable to a person if it was the act of the person. (Civ. Code, § 1633.9(a).) "The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic . . . signature was attributable" (*ibid*.), or "by presenting evidence of the contents of the contract in question and the circumstances surrounding the contract's execution" (*Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1068). It is not sufficient to summarily assert a person signed a binding agreement.

4

(*Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 843-844.)  A party must establish the person "could have only" placed the electronic signature rather than someone else.  (*Fabian*, 42 Cal.App.5th at p. 1070.)

Here, B-East met its initial burden to show an agreement to arbitrate by attaching a copy of the agreement to its petition, which purportedly bears decedent's electronic signature dated June 15, 2022.  (*Espejo*, 246 Cal.App.4th at p. 1052.)  Respondents, however, met their subsequent burden by raising the defense that decedent did not sign the agreement because (1) he was not in B-East's facility to sign on June 15 and (2) B-East did not obtain his signature outside of the facility.  The burden then shifted back to B-East to prove by a preponderance of the evidence the signature was authentic.  (*Id.* at p. 1059.)  Yet B-East failed to carry its burden, as the trial court ruled the moving papers did not show decedent signed the agreement given the issues with the date and lack of support in Rivera's declaration.

While B-East claims the signature is authentic because evidence suggests decedent signed the arbitration agreement, B-East's evidence was contradicted by the Respondents' evidence decedent did *not* sign the agreement.  Given the deferential standard of review applicable here, this contradiction alone is reason for us to conclude B-East is not entitled to appellate relief.  (*Juen*, 32 Cal.App.5th at p. 979.)  The trial court considered and resolved these conflicts in the evidence, which we may not reweigh.  (*Trinity*, 78 Cal.App.5th at p. 1124.)

Nor was B-East's evidence of such character and weight as to compel a finding in its favor.  (*Juen*, 32 Cal.App.5th at p. 979.)  Namely, the evidence did not establish only decedent could have signed the agreement.  (*Fabian*, 42 Cal.App.5th at p. 1070.)  B-East relied on Rivera's declaration claiming decedent signed the agreement on June 15, 2022, but Rivera's unsupported

assertion is insufficient. (*Ruiz*, 232 Cal.App.4th at pp. 843-844.) B-East also relied on Rivera's deposition, during which she claimed to remember seeing decedent sign the agreement using an electronic tablet. Rivera stated (1) she was always present when patients signed such agreements, (2) she usually explained to them what arbitration was, and (3) the tablet sometimes recorded the wrong date. Rivera, however, could not explain how decedent could have signed the agreement in-person on a date when he was not in the facility. B-East also did not offer evidence explaining how the electronic signature was unique and could only be accomplished by the act of decedent. (*Fabian*, 42 Cal.App.5th at p. 1070.)

As B-East fails to establish its evidence was uncontradicted and compelled a finding in its favor as a matter of law, we conclude the trial court did not err in denying its motion to compel arbitration.

Nor were Respondents bound to arbitrate their individual claims. None of them signed the arbitration agreement. Generally, a party cannot be compelled to arbitrate a dispute it has not agreed to resolve by arbitration. (*Daniels v. Sunrise Senior Living, Inc.* (2013) 212 Cal.App.4th 674, 680.) California's Medical Injury Compensation Reform Act creates a limited exception to this general rule under which a patient can bind heirs to arbitrate wrongful death claims. (*Ruiz v. Podolsky* (2010) 50 Cal.4th 838, 849.) If, however, there is no valid arbitration agreement, the heirs cannot be so bound. (*Hearden v. Windsor Redding Care Center, LLC* (2024) 103 Cal.App.5th 1010, 1022.) Because there was no valid arbitration agreement between decedent and B-East, decedent could not have bound Respondents to arbitrate their wrongful death claims.

III.

We affirm.  B-East shall bear Respondents' costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


                                                        CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.